996 F.2d 311
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James C. MITCHELL, Plaintiff-Appellant,
v.
NEW MEXICO DEPARTMENT OF CORRECTIONS, Sarah Smith, Nick
D'Angelo, Central New Mexico Correctional
Facility, Ron Robles, Beatrice Gallegos,
David Griego, John Thomas,
Defendants-Appellees.
 No. 93-2038.
 United States Court of Appeals, Tenth Circuit.
 June 1, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Mitchell, a state inmate and pro se litigant, appeals an adverse summary judgment which dismissed his 42 U.S.C. § 1983 civil rights complaint.
 
 
 3
 Mr. Mitchell, in his complaint, alleged, inter alia, that he was convicted of two separate felonies and then sentenced to prison as a habitual offender for a term of eight years to run concurrently with the felony convictions. Mr. Mitchell alleged he was entitled to be released from prison on June 14, 1992, and that the defendants were incarcerating him beyond his term. He also alleged that under New Mexico law he was entitled to be released without parole. Mr. Mitchell asserted the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment and also violated his due process and equal protection rights when they failed to release him from prison. Mr. Mitchell asked for a declaratory judgment and for damages.
 
 
 4
 Defendants filed a motion to dismiss raising the following issues:
 
 
 5
 (1) the state agency defendants were entitled to Eleventh Amendment immunity;
 
 
 6
 (2) the individual defendants were entitled to qualified immunity as the question of whether parole continues following release is a close legal question not yet decided under New Mexico law;
 
 
 7
 (3) failure to state a claim as no deliberate indifference was shown;
 
 
 8
 (4) the complaint failed to factually link the defendants to Mr. Mitchell's harm; and
 
 
 9
 (5) failure by Mr. Mitchell to exhaust his state remedies. Defendants attached to their motion to dismiss: (1) a judgment and sentence showing Mr. Mitchell was convicted in a third criminal case of "Failure to Appear" and on January 21, 1988 was sentenced to eighteen months to be followed by parole for one year, all of which was suspended except for 364 days imprisonment and probation for six months and one day; (2) an ex parte order "clarifying" this judgment and sentence in which the state court reiterated the failure to appear and habitual offender sentencing orders, concluding Mr. Mitchell should be incarcerated "for a total time of ... 9 years plus one year of parole." This "clarifying" order was filed less than one week prior to the institution of this suit. The documents show Mr. Mitchell appealed the "clarifying" order and the New Mexico appellate court proposed a summary reversal to which the state objected. This matter is apparently still pending.
 
 
 10
 The district court found there were no disputed factual issues and entered a multi-page order:
 
 
 11
 (1) dismissing the state agency defendants;
 
 
 12
 (2) holding that insofar as the claim was based upon equal protection, it should be dismissed as Mr. Mitchell failed to allege class-based discrimination;
 
 
 13
 (3) holding Mr. Mitchell alleged sufficient facts to support a due process claim of cruel and unusual punishment by showing deliberate indifference on the part of defendants;
 
 
 14
 (4) holding that:
 
 
 15
 Plaintiff cannot establish causation between the Defendants' alleged constitutional violations and Plaintiff's injury. The sole injury allegedly suffered by Plaintiff is his continued incarceration beyond his purported release date on June 15, 1992.... Plaintiff has remained incarcerated beyond June 15, 1992 ... because of the "Clarified Judgment and Sentence" entered on June 16, 1992, nunc pro tunc.
 
 
 16
 The district court reasoned that Mr. Mitchell's continued incarceration resulted from the ex parte "clarifying" judgment, not actions by the defendant. While unstated, the district court apparently found any extension of the parole resulting from this "clarifying" order was likewise proper; and
 
 
 17
 (5) dismissed the claim for injunctive relief reasoning that it should be brought as a habeas action and in this event, Mr. Mitchell failed to exhaust his state remedies.
 
 
 18
 When we review the entry of a summary judgment, we do so de novo. City of Chanute v. Williams Natural Gas Co., 955 F.2d 641, 646-47 (10th Cir.), cert. denied, 113 S.Ct. 96 (1992). We first look to see if the record shows any contested issues of a genuine material fact. If none, we look to see if the law was properly applied.
 
 
 19
 In the case before us, the paramount factual issue is Mr. Mitchell's release date. Having examined the record on appeal, we can find nothing that would indicate Mr. Mitchell's release date is anything other than June 15, 1992.
 
 
 20
 The record on appeal is confusing, unclear, and incomplete. Mr. Mitchell was apparently convicted of two separate felonies in 1988, with both sentences being suspended. The record then reveals Mr. Mitchell was determined to be a habitual offender and sentenced to eight years in prison on January 4, 1989. Mr. Mitchell contends he satisfied this sentence in June 1992. Mr. Mitchell did not request habeas relief but only money damages for being confined beyond the period for which he was sentenced.
 
 
 21
 Apparently, in an effort to show deliberate indifference, Mr. Mitchell contended he was entitled to release without parole. He filed a mandamus action in state court asking prison officials to remove the parole term from his prison records. Defendants failed to answer and Mr. Mitchell's motion for default judgment has been pending for over two years. In order to clarify whether Mr. Mitchell was subject to parole, the state asked for an amendment, nunc pro tunc, concerning a 1987 conviction for failure to appear. In the "clarifying" judgment, the state court recited Mr. Mitchell's 364-day sentence for failure to appear and his eight-year sentence for being a habitual offender and then stated Mr. Mitchell should be incarcerated for nine years plus one year parole. The state court apparently increased Mr. Mitchell's sentence for failure to appear from 364 days to one year and added one year of parole.[1] The state court also ordered this sentence to be served concurrently with the suspended sentences imposed in the two 1988 convictions. This action was taken without notice to Mr. Mitchell. Mr. Mitchell, after learning of the action, appealed this case. The New Mexico Court of Criminal Appeals has proposed summary reversal and the case is still pending.
 
 
 22
 The present posture of this case is that the defendants have not contested the fact that Mr. Mitchell served his sentence in June 1992 and have only contested the issue of whether Mr. Mitchell must serve a one-year period of parole following his release. It appears there exists a genuine issue of material fact concerning whether defendants have incarcerated Mr. Mitchell beyond his release date. Imprisonment beyond one's term can constitute cruel and unusual punishment for purposes of the Eighth Amendment. Sample v. Diecks, 885 F.2d 1099, 1108-10 (3d Cir.1989). We agree with the district court in that a sufficient showing exists, in the context of summary judgment, to establish "deliberate indifference." See id. at 1109-10; Haygood v. Younger, 769 F.2d 1350, 1354-55 (9th Cir.1985), cert. denied, 478 U.S. 1020 (1986). We also find sufficient evidence was presented to establish causation between the defendants' alleged constitutional violations and Mr. Mitchell's injury. Reliance upon the "clarifying" judgment does not alter this finding as the question remains whether the defendants' alleged deliberate indifference resulted in Mr. Mitchell being incarcerated beyond his release date. The "clarifying" judgment, if valid at all, apparently altered Mr. Mitchell's release date by only one day.
 
 
 23
 We must also deal with the issue of whether Mr. Mitchell was deprived of a federal right by virtue of the one-year parole period imposed under the "clarifying" judgment, or indeed, if parole was even authorized. The record on appeal is insufficiently developed to provide an answer. This reason alone is sufficient to bar summary judgment.
 
 
 24
 Part of the district court's reasoning in denying relief was based upon the assumption that Mr. Mitchell was asking for release and therefore should have pursued habeas corpus relief. This is not supported by the record. Mr. Mitchell asked for a declaration that defendants had violated his federal constitutional rights, and he asked for damages. Mr. Mitchell may be entitled to habeas corpus relief, but he has not yet sought release. This curious state of affairs leads this court to believe the record may be incomplete.
 
 
 25
 We perceive no error in the district court's dismissal of the state agency defendants nor in the dismissal of the claim insofar as it is based upon equal protection.
 
 
 26
 We express no opinion as to the ultimate decision of this case. We merely hold that summary judgment should not have been granted as the "clarifying" judgment fails to establish Mr. Mitchell has not served his sentence. We further hold the record emanating from the summary judgment is insufficient to decide the parole question.
 
 
 27
 The judgment of the district court is AFFIRMED IN PART, REVERSED IN PART, and the case is REMANDED for such other and further proceedings as may be just. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We note that Mr. Mitchell was initially sentenced on January 21, 1988 for 364 days for failure to appear, and it was nearly one year later, January 4, 1989, that he was sentenced to eight years for being a habitual offender. While the record is silent on this point, it would appear that Mr. Mitchell served or nearly served his sentence for failure to appear at the time he was sentenced as a habitual offender